IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

COLONIAL LIFE & ACCIDENT INSURANCE COMPANY,　　　　　　　　PLAINTIFF

v.　　　　　　　　　　　　　　　　　　CIVIL ACTION NO. 2:04CV258-WAP-SAA

JAMES COPOUS,　　　　　　　　　　　　　　　　　　　　　　　DEFENDANT

## REPORT AND RECOMMENDATION

Before the court is plaintiff's motion for judgment by default against the defendant in the above-styled case. Pursuant to § II(C)(2)(F) of the STANDING ORDER OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF MISSISSIPPI, the undersigned makes the following Report and Recommendation.

Plaintiff filed the complaint in this case seeking a declaratory judgment against the defendant on September 3, 2004. On September 27, 2004, summons was returned executed as to the defendant, and, not an answer not having been filed, plaintiff moved for entry of default on March 8, 2005. The clerk made an entry of default as to defendant Copous on March 9, 2005, and plaintiff filed the instant motion for default judgment on March 23, 2005.

Plaintiff asserts that this court has jurisdiction because there is diversity between plaintiff and defendant and the amount at issue exceeds the jurisdictional threshold for this court. 28 U.S.C. § 1332. As there has been no answer, response, or other such pleading, and defendant has failed to appear in any manner, the court finds that under the facts alleged in this case jurisdiction exists.

1

After a determination that the court has jurisdiction, the question becomes whether the defendant "failed to plead or otherwise defend," FED. R. CIV. P. 55(a), in the time allowed by FED. R. CIV. P. 12(a). *See* WRIGHT, MILLER, & KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL 3D § 2682. Defendant's time to file responsive pleadings began running on September 21, 2004, the date that service of process was complete. A thorough review of the court's file reveals that defendant has wholly failed to plead or otherwise defend. Defendant has filed no pleading responsive to plaintiff's complaint in the form of answer or motion made pursuant to FED. R. CIV. P. 12. Indeed, defendant has filed absolutely nothing during the pendency of the instant case.

> Plaintiff asserts the following claims against defendant:
>
> a. Plaintiff is entitled to a declaratory judgment that the insurance policy number 3603276620 is rescinded and cancelled; and
> b. Plaintiff has no liability to defendant under said policy.

PLAINTIFF'S COMPLAINT, ¶ IX. Because the defendant has failed to answer or otherwise appear in this action, the undersigned concludes that pursuant to FED. R. CIV. P. 55 entry of default judgment against defendant is proper. Accordingly, the undersigned respectfully recommends that plaintiff's motion for default judgment be granted, that policy number 3603276620 is rescinded and cancelled, and that plaintiff has no liability to defendant under said policy.

The parties are referred to 28 U.S.C. §636(b)(1)(B) and FED. R. CIV. P. 72(b) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten (10) days of this date and "a party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after

being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court . . . ." *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*) (citations omitted); *see also United States v. Carrillo-Morales*, 27 F.3d 1054, 1061-62 (5th Cir. 1994), *cert. denied*, 513 U.S. 1178, 115 S. Ct. 1163, 130 L. Ed. 2d 1119 (1995).

Respectfully submitted, this the 8th day of April 2005.

                                           /s/ Jerry A. Davis
                                       UNITED STATES MAGISTRATE JUDGE